Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190722-25199
DATE: July 30, 2021

ORDER

Entitlement to a rating in excess of 70 percent for service-connected other specified trauma and stressor disorder (claimed as PTSD, anxiety, and depression) is dismissed.

Entitlement to a 10 percent rating for service-connected right hip arthritis (internal/external rotation) is granted

Entitlement to a 10 percent rating for service-connected right hip arthritis (flexion) is granted.

FINDINGS OF FACT

1. In March 2021, prior to the promulgation of a decision in the appeal, the Veteran withdrew his appeal for entitlement to an increased evaluation for service-connected other specified trauma and stressor disorder.

2. The Veteran's arthritis of the right hip (internal/external rotation) does not result in limitation of adduction, cannot cross legs or limitation of rotation, cannot toe-out more than 15 degrees; however, pain has been manifested in this case and cannot be disassociated from internal/external rotation.

3. The Veteran's arthritis of the right hip (flexion) does not result in flexion limited to 45 degrees or less; however, pain has been manifested in this case and cannot be disassociated from flexion.

CONCLUSIONS OF LAW

1. The criteria for withdrawal of entitlement to a rating in excess of 70 percent for service-connected other specified trauma and stressor disorder have been met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

2. The criteria for a 10 percent rating for arthritis of the right hip (internal/external rotation) are met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.159, 4.1, 4.7, 4.71a, Diagnostic Code (DC) 5003, 5253.

3. The criteria for a 10 percent rating for limitation of flexion of arthritis of the right hip (flexion) are met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.159, 4.1, 4.7, 4.71a, DC 5252.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from June 1996 to October 2000 and October 2001 to November 2002.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review.

In an April 2013 rating decision, the Veteran was granted service-connection for right hip arthritis with an evaluation of 10 percent effective February 3, 2012. The Veteran filed a claim for an increased rating in February 2018. In a May 2018 rating decision, the RO granted service connection for right hip arthritis (internal/external rotation) with a noncompensable rating effective March 1, 2017. Then, in April 2019, the RO issued another rating decision granting service connection for right hip arthritis (flexion) with a noncompensable rating effective April 10, 2018. The Veteran's rating of 10 percent for service-connected right hip arthritis (extension) was continued, as was the noncompensable rating for internal/external rotation. In May 2019, the Veteran requested a Higher-Level Review for right hip internal/external rotation and flexion, but not extension. A rating decision was issued in May 2019 which continued the noncompensable ratings. In a July 2019 VA Form 10182, the Veteran requested a hearing review of the May 2019 Higher-Level Review rating decision by the Board. 

The Veteran appeared at a hearing before the undersigned Veterans Law Judge (VLJ) in March 2021.

The Board notes the Veteran's claims for service connection for sleep apnea, service connection for tinnitus, increased rating for left shoulder disability, increased rating for right heel spur disability, increased rating for bilateral pes planus, earlier effective date for service connected bilateral pes planus, right ankle disability, and right heel spur disability are also pending. The Veteran testified before a different VLJ during a July 2020 hearing. Therefore, the Board will not address these issues at this time, and a separate decision regarding these issues will be issued.

Lastly, the Veteran filed a claim for TDIU in December 2018. The claim was denied in an April 2019 rating decision. The Veteran, in May 2019, submitted a Supplemental Claim for TDIU which the RO denied accepting as a completed claim due to the Veteran's failure to submit new evidence. The matter was never appealed by the Veteran. In the claim for TDIU, the Veteran does not assert that his unemployability is related to his service-connected right hip arthritis. Specifically, the Veteran claims his TDIU is a result of his service-connected other specified trauma and stressor related disorder (claimed as PTSD, anxiety, and depression). This matter is not currently before the Board, as it has been withdrawn by the Veteran during the March 2021 hearing. Therefore, the Board finds that entitlement to TDIU has not been raised by this evidence of record for the entirety of the appeal period and does not consider such a claim to be part of the appeal. See Rice v. Shinseki, 22 Vet. App. 447, 453-54 (2009). 

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017).

1. Other specified trauma and stressor

An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the Veteran or by his or her authorized representative. 38 C.F.R. § 20.204.

In the present case, the Veteran has withdrawn the appeal for entitlement to increased evaluation for service-connected other specified trauma and stressor. See March 2021 Board Hearing Transcript. Hence, regarding this issue, there remain no allegation of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review this claim, and the appeal is dismissed.

2. Right Hip Arthritis

Increased Rating

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. Ratings are based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. In cases in which a claim for a higher initial evaluation stems from an initial grant of service connection for the disability at issue, multiple ("staged") ratings may be assigned for different periods of time during the pendency of the appeal. See generally Fenderson v. West, 12 Vet. App. 119 (1999). 

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. See 38 C.F.R. § 4.7. In every instance where the rating schedule does not provide a zero percent evaluation for a diagnostic code, a zero percent evaluation shall be assigned when the requirements for a compensable evaluation are not met. 38 C.F.R. § 4.31.

In determining the degree of limitation of motion, several regulatory provisions are taken into consideration: the provisions of 38 C.F.R. § 4.40 concerning lack of normal endurance, functional loss due to pain, and pain on use and during flare-ups; the provisions of 38 C.F.R. § 4.45 concerning weakened movement, excess fatigability, and incoordination; and the provisions of 38 C.F.R. § 4.10 concerning the effects of the disability on the Veteran's ordinary activity. See DeLuca v. Brown, 8 Vet. App. 202 (1995). The evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14. 38 C.F.R. § 4.40 allows for consideration of functional loss due to pain and weakness causing additional disability beyond that reflected on range of motion measurements. Under 38 C.F.R. § 4.45, functional loss due to weakened movement, excess fatigability, and incoordination must also be considered. See DeLuca v. Brown, 8 Vet. App. 202, 206-07 (1995). 

Furthermore, 38 C.F.R. § 4.59 recognizes that painful motion is an important factor of disability. Joints that are painful, unstable, or misaligned, due to healed injury, are entitled to at least the minimum compensable rating for the joint. 

Internal/External Rotation

The Veteran is currently rated under a hyphenated diagnostic code, DCs 5010-5253, for his right hip arthritis internal/external rotation. Hyphenated diagnostic codes are used when a rating under one diagnostic code requires the use of an additional diagnostic code to identify the basis for the rating assigned; the additional code is shown after the hyphen. 38 C.F.R. § 4.2. DC 5010 refers generally to arthritis due to trauma, whereas DC 5253 refers to limitation of rotation. Under 38 C.F.R. § 4.71a DC 5253, 10 percent ratings are available for impairment of thigh with limitation of rotation, cannot toe-out more than 15 degrees; or limitation of adduction, cannot cross legs. DC 5253. An even higher rating is warranted for a greater degree of symptomatology. The Board notes the Veteran is separately rated under DCs 5252 and 5251.

For his right hip arthritis internal/external rotation (right hip rotation), the Veteran underwent a VA examination in March 2018. Here, the examiner noted that the Veteran's external rotation was to 50 degrees, internal rotation was to 20 degrees, abduction was to 45 degrees, adduction was to 25 degrees, and the Veteran could cross his legs. See March 2018 VA Hip and Thigh Conditions Disability Benefits Questionnaire (DBQ). There is no other evidence of record indicating that the specific DC 5253 criteria for a 10 percent evaluation are met.

The minimum compensable evaluation may, however, be assigned under 38 C.F.R. § 4.59 based on subjective painful motion and does not require objective evidence of painful motion, unlike Diagnostic Codes 5003 and 5010 that require objective evidence of painful motion. In this regard, the Board finds that the symptoms do not support a higher evaluation under DC 5253, given the symptoms shown. However, pain has been manifested throughout, and there is no evidence to suggest that such pain is not attributable to internal/external rotation. See March 2021 hearing transcript. For this reason, a 10 percent evaluation, but not higher, is warranted in this case. 38 C.F.R. § 4.59. 

Flexion

The Veteran is currently rated under a hyphenated diagnostic code, DCs 5010-5252, for right hip arthritis flexion. Hyphenated diagnostic codes are used when a rating under one diagnostic code requires the use of an additional diagnostic code to identify the basis for the rating assigned; the additional code is shown after the hyphen. 38 C.F.R. § 4.2. DC 5010 refers generally to arthritis due to trauma, whereas DC 5252 refers to limitation of flexion. Under 38 C.F.R. § 4.71a DC 5252, a 10 percent rating for limitation of flexion of the thigh is warranted when flexion is limited to 45 degrees. Even higher ratings are warranted for greater degrees of symptomatology.

For the right hip arthritis flexion (flexion), the Veteran underwent a VA examination in March 2018. Here, the examiner noted the Veteran's flexion to 90 degrees. During the December 2018 VA examination, the examiner noted the Veteran's flexion to extend to 65 degrees. No additional loss of range of motion was noted in either examination for flare-ups or repetitive use. See March 2018 VA Hip and Thigh Conditions DBQ, December 2018 VA Hip and Thigh Conditions DBQ.

As previously mentioned, to be entitled to a 10 percent rating under DC 5252, the Veteran's flexion must be limited to 45 degrees. As noted, the Veteran's flexion on the most recent VA examination was 65 degrees. The additional medical evidence of record fails to support a finding of a lesser range of motion. 

Again, however, the Board finds no indication from the record that the Veteran's reported pain is not at least in part attributable to hip flexion. See March 2021 hearing transcript. As such, the Board finds a 10 percent evaluation under 38 C.F.R. § 4.59 to be warranted for flexion. To this extent only, the appeal is granted. 

 

 

A. C. MACKENZIE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Glaeser, Jennifer

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.